JOURNAL ENTRY AND OPINION
On or about February 12, 1998, the Cleveland Police Department assigned Officers William Gonzales and Alberto Alvarado to West 80th and Long Avenue in response to ongoing complaints of drug activity in the area. After parking their unmarked police car, the officers observed defendant-appellant Ardell D. Noble ("appellant") engaged in suspicious activity which indicated possible drug trafficking; in particular, appellant raised his right hand and nodded his head toward passing vehicles.
The officers conducted an investigatory stop and frisk of appellant. During the frisk, Officer Gonzalez noticed a hard lump in the front left pocket of appellant's pants. Officer Gonzalez could not determine whether the hard object was a weapon and, therefore, he removed the object, a bag of marijuana, from appellant's pocket. The officers arrested appellant for possession of marijuana and, during a post-arrest search, the officers seized over ten grams of crack cocaine from the waistband of appellant's pants.
On May 20, 1998, the grand jury returned a two-count indictment against appellant charging him with possession of drugs in violation of R.C. 2925.11 and possession of criminal tools in violation of R.C. 2923.24. At his arraignment on July 31, 1998, appellant entered a plea of not guilty to the charges set forth in the indictment.
On August 20, 1998, appellant filed a motion to suppress the evidence incident to the investigatory stop and search and his subsequent arrest. On September 8, 1998, the trial court conducted a suppression hearing wherein Officer Gonzalez and appellant testified. Based upon the testimony and arguments presented, the trial court denied appellant's motion to suppress,
The underlying case then proceeded to trial. After deliberation, the jury returned a verdict of guilty to the charge of possession of drugs; however, the jury found appellant not guilty to the charge of possession of criminal tools. In a journal entry filed on September 14, 1998, the trial court imposed a prison term of six years upon appellant. The court ordered that appellant pay court costs and a $5,000.00 fine and, in addition, the court suspended his driver's license for five years.
On October 13, 1998, appellant filed the instant appeal. Appellant assigns the following errors for our review:
 I. THE INITIAL STOP AND SUBSEQUENT ARREST OF APPELLANT WAS A VIOLATION OF APPELLANT'S FOURTH AMENDMENT RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION AS THE STOP WAS NOT BASED UPON A REASONABLE AND ARTICULABLE SUSPICION THAT APPELLANT WAS OR HAD BEEN ENGAGED IN CRIMINAL [ACTIVITY].
 II. THE WARRANTLESS SEARCH OF APPELLANT WAS A VIOLATION OF HIS FOURTH AMENDMENT RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION AND ALL EVIDENCE OBTAINED FROM THIS ILLEGAL SEARCH SHOULD HAVE BEEN EXCLUDED AS "FRUIT OF THE POISONOUS TREE."
 III. THE VERDICT FINDING APPELLANT GUILTY OF POSSESSION OF DRUGS IN VIOLATION OF OHIO REVISED CODE 2925.11 IS AGAINST THE WEIGHT OF THE EVIDENCE.
 IV. THE EVIDENCE PRESENTED WAS INSUFFICIENT TO SUSTAIN A CONVICTION OF GUILT AGAINST APPELLANT ON A CHARGE OF POSSESSION OF DRUGS IN VIOLATION OF OHIO REVISED CODE SECTION 2925.11.
In his first and second assignments of error, appellant contends that the trial court erred in denying his motion to suppress; appellant asserts that the initial investigatory stop and search violated his constitutional rights under the Fourth
and Fourteenth Amendments to the United States Constitution and, therefore, the evidence obtained as a derivative of the frisk and subsequent post-arrest search should have been excluded.
The Fourth and Fourteenth Amendments to the United States Constitution prohibit unreasonable searches and seizures. The United States Supreme Court has held that warrantless searches are per se unreasonable unless an exception applies. Katz v.United States (1967), 389 U.S. 347, 357.
In Terry v. Ohio (1968), 392 U.S. 1, the Supreme Court held that a police officer may make a brief investigatory stop of an individual without a warrant or probable cause where the police officer reasonably suspects that the individual is or has been involved in criminal activity. "A police officer performing an investigative stop must have a reasonable suspicion, based upon specific articulable facts, which would warrant a person of reasonable caution in the belief that criminal activity was imminent." Cleveland v. Harmon (Nov. 24, 1993), Cuyahoga App. No. 64139, unreported, citing Terry, supra; State v. Bobo (1988),37 Ohio St.3d 177. The determination of "reasonable suspicion" is measured by an objective standard, viz., whether a reasonable and prudent police officer, under the totality of the circumstances, would have suspected that criminal activity was afoot. State v.Andrews (1991), 57 Ohio St.3d 86, 87.
In the instant case, we find that Officer Gonzalez had a reasonable suspicion that appellant was involved in drug activity. Officer Gonzalez and his partner were detailed to an area with a reputation for drug activity. Upon arriving on the scene, Officer Gonzalez and his partner observed appellant engage in suspicious behavior which indicated possible drug trafficking — the officers observed appellant raising his right hand and nodding his head toward passing vehicles. During his testimony at the suppression hearing, Officer Gonzalez articulated specific facts which supported his suspicion that appellant was engaged in criminal activity. Thus, we find that the initial investigatory stop of appellant was not unconstitutional.
Next, we must consider appellant's assertion that the "protective search" which revealed the bag of marijuana was unreasonable and unconstitutional. Appellant contends that the prosecution failed to demonstrate Officer Gonzalez had a reasonable suspicion that appellant was armed and dangerous.
"Where a police officer, during an investigative stop, has a reasonable suspicion that an individual is armed based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others." State v.Bobo (1988), 37 Ohio St.3d 177, paragraph two of the syllabus. "The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence * * *." Adams v. Williams (1972),407 U.S. 143, 146.
After reviewing the transcript of the suppression hearing, we conclude that Officer Gonzalez failed to articulate a reasonable suspicion that appellant was armed. At the suppression hearing, Officer Gonzalez offered the following testimony concerning his reasons for frisking appellant:
* * *
Q. Okay. And you patted him down in the usual manner?
A. Yes.
Q. As an [sic] a matter of routine?
A. Absolutely.
Q. And you were looking for what at that point?
 A. Any indication of drug sales. It's, also, very common to do a safety check for officers to make sure he doesn't have any weapons while I'm interviewing him.
Q. But you did it to check for drugs?
 A. My main concern is my safety, so I would have to say I was doing it for myself and my partner's safety.
 Q. But you just previously indicated in you answer you stopped to check him for drugs.
 A. Well, we were detailed to the area for drug sales, sure, but my main concern is my partner's safety and myself.
Q. But you didn't see a gun?
A. No.
Q. You didn't see any weapons?
A. No.
Q. Didn't see any furtive gestures?
A. I'm sorry?
Q. You didn't see any furtive gestures?
A. No.
 Q. Is there anything you can state why you thought he was armed specifically, Mr. Ardell Noble?
 A. To my training I treat everybody as if they're armed.
Q. But there is nothing indicate [sic] —
 A. It doesn't matter. I assume everybody's armed so I check them.
 Q. Answer the question. There is nothing particular to Mr. Noble that indicated he may be armed in any way?
A. No, sir.
Q. He didn't appear violent?
A. No.
Q. And you then, what, patted him down?
 A. I did an investigative stop and a safety pat down, yes.
* * *
During his testimony, Officer Gonzalez failed to justify his protective search of appellant. In a suppression hearing, the prosecution bears the burden of proof and must demonstrate that the challenged search was reasonable. State v. Berry (1995),104 Ohio App.3d 301, 304. Although Officer Gonzalez and his partner may have had a reasonable suspicion that appellant was armed, the prosecution failed to elicit sufficient testimony to satisfy its burden of establishing the reasonableness of the Terry frisk of appellant.
The evidence derived as a result of the illegal search and subsequent arrest of appellant, including the bag of crack cocaine, should have been suppressed. See Wong Sun v.United States (1963), 371 U.S. 471, 488. Appellant's first assignment of error is overruled; however, his second assignment of error is sustained. In view of this court's disposition of appellant's second assignment of error, the remaining assignments of error are rendered moot. App.R. 12(A) (1) (c). We reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.
The judgment of the trial court is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. AND TERRENCE O'DONNELL, J. CONCUR.
 ___________________________________ LEO M. SPELLACY JUDGE